## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

OVERTON E. SETTLE and
LOEWANNA K. SETTLE,

      Plaintiffs,

v.            CIVIL ACTION NO. 5:11-cv-00063

ONE WEST BANK, FSB,

      Defendant.

## MEMORANDUM OPINION AND REMAND ORDER

The above-styled case is before this Court for consideration of Plaintiffs' *Motion to Remand* (Document No.7), wherein Plaintiffs argue that this Court lacks subject matter jurisdiction in this case because the requisite jurisdictional amount in controversy, pursuant to 28 U.S.C. § 1332, has not been satisfied.[1] Plaintiffs contend that they have sufficiently limited their recovery in this litigation to $74,999.99 in a binding stipulation filed contemporaneously with their Complaint.[2]

---

[1] Plaintiffs initially filed their Complaint in the Circuit Court of Raleigh County on December 13, 2010, alleging that One West Bank, mortgage loan servicer, (1) assessed illegal charges on their mortgage loan in violation of West Virginia Code §§ 46A-2-127(g) - 128(c) and threatened to add fees and charges in violation of West Virginia Code §§ 46A-2-127(g) - 124(f); and (2) failed to provide an account history upon Plaintiffs' written request in violation of West Virginia Code § 46A-2-114(2). Plaintiffs seek actual damages, declaratory judgment that Defendant is charging unauthorized charges, injunctive relief to enjoin the illegal practice, civil statutory penalties of $4,400 for each violation, and attorney fees. (*See* Mem. of Law in Support of Plaintiffs' Motion to Remand (Document No. 8) at 1-3; Notice of Removal, Ex. A, Complaint (Document No. 1-1)). Defendant removed this matter to this Court on January 26, 2011 (Notice of Removal (Document No. 1).

[2] The Stipulation states:
  (1) The Plaintiffs stipulate that all of their alleged damages set forth in the Complaint are no greater than $75,000, inclusive of attorney's fees and court costs.
  (2) To the extent any award of the Court and/or jury, inclusive of attorney fees, would be in excess of a combined $75,000.00, the Plaintiffs stipulate that they will not be entitled to recover said excess.
                            (continued...)

Defendant, in opposition, contends that the stipulation is not binding because it does not limit Plaintiffs' claim for declaratory and injunctive relief and because their Complaint does not contain a sum certain prayer for relief. In lieu of a binding stipulation, Defendant contends that the amount in controversy is met upon consideration of the statutory penalties that Plaintiffs seek, attorneys fees and the value of any injunctive relief.

The Court held a hearing on the motion on July 21, 2011, during which the parties clarified their positions on the issue of whether Plaintiffs' stipulation limiting the amount in controversy was sufficient to prevent Defendant's removal of the matter to this Court. During the hearing, Plaintiffs maintained the position that they have filed a proper stipulation that limits their recovery for all of the relief sought. Plaintiffs argue that any value of injunctive relief sought, that is, for Defendant to stop assessing inappropriate or illegal fees on their account, is encompassed in any award amount limited to $74,999.99.[3]

Defendant persisted in its argument that the stipulation is insufficient to account for injunctive relief. Defendant argued that Plaintiffs cannot place a cap on the value of any award of injunctive relief and that the Court must consider the value of the injunctive relief to Defendant in any determination of the amount in controversy. In support of its argument, Defendant cited *GreenEarth Cleaning, LLC v. Collidoue Invest France*, No.09-0329, 2009 U.S. Dis. LEXIS 53046 (W.D. Mo. Jun. 23, 2009). GreenEarth and Collidoue entered into a license agreement permitting

---

[2](...continued)
(Notice of Removal, Ex. A., Stipulation (Document No. 1-1.)) There is no dispute that the stipulation is signed by Plaintiffs and their attorney, notarized, and filed contemporaneous with the Complaint. Additionally, the Complaint contains a similar statement (Complaint at 1.)

[3] Plaintiffs contended that if the Court were to find, as a result of this litigation, that the fees were illegal, Defendant would have no pecuniary interest in any injunctive relief enjoining it from assessing illegal fees.

Collidoue to use GreenEarth's patented dry-cleaning process with its trademarked name and logo in France. A dispute later arose with respect to whether Collidoue wrongfully induced GreenEarth into executing an exclusive license agreement, rather than a non-exclusive agreement. The Western District of Missouri found that a stipulation, purporting to limit GreenEarth's recovery to $74,999, filed after removal (unlike the Plaintiffs' Stipulation here), was insufficient to preclude removal. The district court considered that the contract at issue (attached to the petition) provided that GreenEarth offered to license its technology for an amount exceeding $75,000. Based on that contract, the Court found that even if GreenEarth's damages were capped at $74,999, the amount in controversy is still greater than $75,000 considering declaratory and injunctive relief.

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[4] Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).[5] It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148,

---

[4] Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[5] The parties do not contest that they are diverse.

151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, Defendant has the burden to demonstrate the existence of federal jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001)). A defendant must furnish evidence in support of the statutory jurisdictional amount. "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden." *White*, 2009 WL 2762060 at *2. In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

There is no dispute with respect to the citizenship of the parties. Thus, Defendant need only establish that the jurisdictional amount is satisfied. Upon consideration of Defendant's notice of removal, Plaintiffs' motion to remand, the opposition thereto, and the arguments made by counsel at the hearing, the Court finds that Defendant has not carried its burden. Stipulations may be used by Plaintiffs to limit the amount in controversy for the purpose of defeating jurisdiction in this Court. The Stipulation must be "a formal [*i.e.*, signed and notarized], truly binding, pre-removal stipulation signed by counsel and [his/her] client explicitly limiting recovery. The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief. *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d 481, 485-86 (S.D. W. Va. 2001) (Haden, C.J.). Plaintiffs' stipulation meets this requirement.[6] Defendant has not adequately demonstrated otherwise. The Court finds unpersuasive Defendant's argument that any award of injunctive relief against

---

[6] (*See* supra n.2.)

Defendant would make the Stipulation ineffective. Moreover, the Court cannot find, and indeed Defendant has not demonstrated, that any award of injunctive relief would have any value in this case.[7] Particularly, if the litigation concludes with a finding that the fees, the value of which has not been determined, were wholly appropriate, no award of injunctive relief would be made. Likewise, if the parties' litigation ultimately ends in a finding against Defendant, that it is charging illegal or inappropriate fees, Defendant would have no pecuniary interest in an award precluding its assessment of those fees. Indeed, the value of the injunctive relief has not been quantified. The mere inclusion of such a claim of relief does not, in and of itself, satisfy the requisite jurisdictional amount of $75,000. Therefore, the Court is not persuaded, on the facts known to the Court at the time of removal, that the injunctive relief sought could be valued, either standing alone or coupled with other relief, in a manner which would support the requisite jurisdictional amount.

In conclusion, for the reasons stated above, the Court **ORDERS** that Plaintiffs' Motion to Remand (Document No. 7) is **GRANTED.** The Court **REMANDS** this case to the Circuit Court of Raleigh County for further proceedings. The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Remand Order to the Circuit Clerk of Raleigh County, West Virginia, and a copy to counsel of record.

ENTER: July 25, 2011

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[7] Consequently, the Court finds Defendant's reliance on GreenEarth is unavailing as that case is factually distinguishable.